[No. 1071. Decided November 24, 1893.]

B. A. BISSELL et al., *Respondents*, v. E. W. TAYLOR et al., *Defendants*, AND MARK A. BELL et al., *Intervenors and Appellants*.

INTERVENTION — NEGLECT OF CORPORATION TO INTERVENE — RIGHT OF STOCKHOLDER — PLEADING.

Where an action has been instituted to set aside a deed to certain lands as fraudulent, the plaintiff and defendants deriving title from the same grantor, a corporation, a complaint in intervention by certain stockholders of such corporation, which alleges that the board of directors of said corporation had declined to call a meeting of the stockholders to consider an application to have the corporation bring a new suit or enter into this one for the protection of the rights of such corporation, their declination being on the ground that said corporation had already conveyed to certain persons all its right, title and interest in said lands, and that they would not institute or intervene in any suit until the court had passed upon said title, does not state facts sufficient to give such stockholders a right to intervene.

*Appeal from Superior Court, Pierce County.*

*Bartlett Tripp*, and *C. H. Dillon*, for appellants.

*Ben Sheeks*, *Wm. W. Archer*, *R. F. Hensill*, *Parsons, Corell & Parsons*, *J. H. & E. B. Watson*, *Dell Stuart*, and *Fenley Bryan*, for respondents.

The opinion of the court was delivered by

HOYT, J. — The only question presented by this appeal is as to the sufficiency of the complaint in intervention filed in the court below by the appellants. The suit in which such complaint was filed was one between the grantees in two several deeds from substantially the same grantor or grantors. The plaintiffs sought to have the deed of the defendants set aside as fraudulent, and as a part of their complaint alleged that they were and had been for a long period in the actual and open possession of the land covered by the deeds. The land originally belonged to a certain corporation, and the title of both the plaintiff and the defendant in the action went back in some way to such corporation. The intervenors allege in their complaint, among other things, that they were original stockholders in such corporation, and that the title of the land had never rightfully passed therefrom; that they had sought to have the corporation intervene in said action, or bring an independent one, to protect its rights as to the title to said land; that it had refused so to do, and for that reason they as stockholders, in behalf of themselves and others similarly situated, came into the action to protect such rights.

The allegation as to the refusal of such corporation to institute a new suit or intervene in this one was substantially as follows: That the board of directors of such corporation had duly held a meeting and considered the application of the intervenors to have it bring a new suit or enter into this one for the defense and protection of the rights and interests of such corporation, and that the said board of directors had declined to call a meeting of the stockholders to consider said application upon the ground that said corporation had already conveyed to E. W. Taylor and others all its right, title and interest in and to said

real property, and that until the court had passed upon said title they declined to bring any action on behalf of said corporation, or to enter its appearance in any action then pending in court in reference to the subject matter of their application.

It will be seen from this allegation that the board of directors did not unqualifiedly refuse to take the steps which they deemed necessary to protect the rights of the corporation and of its stockholders. The most that can be claimed of such allegation, when construed, as we think it should be, most strictly against those making it, is, that the board refused to take any action until the determination of a certain question which they thought it best should be determined, before any action was had; and thus construing it, and having due regard to the surrounding circumstances as shown by all the other allegations of the complaint, we think it did not show such a neglect on the part of the board of directors to protect the interests of the corporation as would authorize a stockholder to take the burden upon himself and go into court for that purpose. That a stockholder may do this under certain circumstances, is too clear for argument; but, as we understand the rule, he can only do so when there has been such a neglect or refusal on the part of the corporation, or its officers, to protect its interests that the court can clearly see that such action on the part of the stockholder is necessary to their protection. Such being our construction of this allegation, it must follow that, in our opinion, the complaint did not state a cause of action.

If the complaint did not show that the intervenors were authorized to act for the corporation, they could have no standing in court, for it was the rights of the corporation that were sought to be protected by such intervention.

Beside, in our opinion, the complaint did not satisfactorily show why the corporation and its stockholders were

not estopped from asserting their rights by the statute of limitations or by laches, for while it is true that there is an allegation in the complaint in intervention that the corporation had been and was then in possession of the land, yet it is doubtful whether or not that allegation is sufficient in a complaint in intervention, where, as in this case, the principal complaint alleged that the plaintiffs were in actual possession. The demurrer of some of the defendants must necessarily have been sustained upon more technical grounds. The corporation, as such, was a necessary party, and at the time the court below passed upon the sufficiency of the complaint it seems that there was nothing in the record to show that it had been made such party.

On the whole, we are satisfied with the ruling of the lower court in sustaining the several demurrers to the complaint, and the judgment thereon must be affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

STILES, J., not sitting.